**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2211-17T3

LESLIE O. ROBERTSON,

    Plaintiff-Respondent,

v.

THE STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC
SAFETY, THE NEW JERSEY
JUVENILE JUSTICE COMMISSION,
GEORGE SPRAGUE,

    Defendants-Appellants.

_____

Argued May 16, 2018 — Decided June 27, 2018

Before Judges Nugent and Currier.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1339-16.

Gregory R. Bueno, Deputy Attorney General, argued the cause for appellants (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Daniel F. Thornton, on the briefs).

Alan H. Schorr argued the cause for respondent (Schorr & Associates, PC, attorneys; Arykah A. Trabosh, on the brief).

PER CURIAM

In this employment matter, upon leave granted, defendants, State of New Jersey, Department of Law and Public Safety, New Jersey Juvenile Justice Commission (JJC) and George Sprague (defendants), appeal from the September 22, 2017 and January 11, 2018 orders compelling them to provide certain discovery to plaintiff. We affirm.

Plaintiff Leslie Robertson, a former employee of the JJC, alleges in a complaint against defendants, he was subjected to racial discrimination, harassment, a hostile work environment, and retaliation under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:4-1 to -42. The parties entered into a Discovery Confidentiality and Protective Order.

During discovery, plaintiff requested defendants provide, among other items, all race-based Equal Employment Opportunity (EEO) complaints against JJC employees for a five-year timeframe. Defendants advised it had fifty files that fell within the specific parameters but refused to turn over those files without the court conducting an in camera review. Following oral argument, the court ruled on September 15, 2017, that the requested documents were "relevant and discoverable in a racial discrimination case." The judge reasoned that an in camera review was unnecessary in light of the confidentiality agreement. She further advised if defendants raised any specific privileges regarding the documents,

the court would address them through a privilege log and potential in camera review.

Defendants moved for reconsideration of the court's order, contending existing case law required an in camera review. During oral argument, they advised the court they had prepared a spreadsheet summarizing the EEO claims from the pertinent files. All personal identifiers had been redacted, including complainants' and witness's names. Defendant had assigned to each person a letter for race and gender, and a number.[1]

Despite these precautions, defendants contended the court was required to undertake an in camera review of the documents due to the privacy concerns of the individuals involved in the particular documents. Plaintiff asserted, in turn, that the confidentiality order and extensive redactions of any personal information allayed any privacy concerns.

In an oral decision of January 5, 2018, the judge noted the underlying competing policy considerations at play in the disclosure of documents pertaining to discrimination or harassment allegations. She referred to <u>Payton v. New Jersey Turnpike Authority</u>, 148 N.J. 524 (1998), and its direction to trial judges to implement procedures to protect the confidentiality of those

---

[1] For example, the first African American male was assigned BM1.

involved in the investigation. Here, a confidentiality agreement and extensive redactions of the requested documents were already in place and the judge was satisfied these precautions dispelled the public policy concerns. She concluded:

> At this point, given the foregoing, the Court will deny the motion for reconsideration. If down the line as these documents are being turned over there is an issue relating to any of these EEO proceedings or filings that warrant further review by the Court where the defendant can actually articulate a confidentiality concern, the Court will certainly do an in camera review, but at this point the Court finds that these records are certainly relevant and . . . the confidentiality concerns are sufficiently protected given the required redactions and the confidentiality agreement.

The trial judge memorialized her ruling in a written decision of January 11, 2018.

On appeal, defendants reiterate their argument that the trial court erred in failing to undertake an in camera review of the EEO records. They assert the court did not make a finding of relevance as to each document and failed to weigh the public and private interests.

Despite extensive briefing and two oral arguments in the trial court, defendants did not provide any specific argument to support their assertion that the documents sought by plaintiff

4

were not relevant. The appellate briefs and argument are no more illuminating.

Litigants enjoy a wide breadth of discovery as Rule 4:10-2 permits "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." The broad standard includes all information reasonably calculated to lead to admissible evidence. See Pfenninger v. Hunterdon Cent. Reg'l High Sch., 167 N.J. 230, 237 (2001). Certainly, the requested files, which contain allegations of race discrimination and retaliation, meet this standard and are relevant to plaintiff's case. Therefore, defendants must assert a privilege or other public policy concern to prevent the disclosure of the files.

Defendants have not articulated a privilege that prevents the production of the files. Rather, they argue, again without specificity, that the trial court did not balance the public and private concerns, and that our case law requires an in camera review.

In Payton v. New Jersey Turnpike Authority, 292 N.J. Super. 36, 39 (App. Div. 1996), aff'd 148 N.J. 524 (1998), we addressed whether plaintiff was entitled to defendant's internal EEO documents relating to its internal investigation in an action alleging violations of the NJLAD. Defendant opposed the production, claiming the protection of several privileges. We

disagreed with the applicability of several of the asserted privileges, but remained concerned for the confidentiality expectations of witnesses who had given statements or provided information to the investigators. We therefore advised the trial court, in its review of the material, to determine "whether the identities of the witnesses shall be protected by appropriate redaction." Id. at 48.

Here, the trial court recognized the privacy concerns implicit to the disclosure of the EEO files. However, the parties had a confidentiality agreement in place. In addition, defendants had already redacted the documents and removed all identifiers in accordance with the concerns enunciated in Payton. Defendants could not articulate to the court what further measures to take if an in camera review were done. We reject defendants' argument that an in camera review is required in all such matters. Instead, disputes over document disclosure should be analyzed on a case-by-case basis. See Dixon v. Rutgers, 110 N.J. 432, 451 (1988).

We cannot discern an abuse of discretion by the trial court in its decision granting plaintiff access to the EEO files. Without any proffer to the contrary, the confidentiality order and redaction protocol more than suffice to protect the privacy concerns of any individuals involved in the investigations. During the arguments, the judge advised that if defendants articulated a

specific privilege or confidentiality following the production of the redacted documents, she would address it. The trial judge's discovery order was reasonable in light of the confidentiality order and redaction protocol already in place.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2211-17T3